UNITED STATES of America,
Plaintiff–Appellee,

v.

Benito MANCILLA REAL,
Defendant–Appellant.

No. 04–20114.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 18, 2004.

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Raquel Kathy Wilson, Assistant Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM: *

Benito Mancilla Real appeals from his conviction of possession with intent to distribute methamphetamine. He contends for the first time on appeal that 21 U.S.C. § 841 is unconstitutional because Congress and the federal courts intended for drug amounts to be a sentencing factor and not elements of separate offenses, a scheme rendered unconstitutional by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Real concedes that his argument is foreclosed by the

caselaw of this court, but he seeks to preserve the issue for further review. Real further argues that his *Apprendi* contention was not waived by the waiver provision in his plea agreement.

We will address Real's *Apprendi* contention on the merits. *See United States v. Longoria,* 298 F.3d 367, 370–73 (5th Cir.)(en banc), *cert. denied,* 537 U.S. 1038, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002). *Apprendi* did not render 21 U.S.C. § 841 facially unconstitutional. *United States v. Slaughter,* 238 F.3d 580, 582 (5th Cir. 2000). Real has failed to show error, plain or otherwise, regarding the constitutionality of 21 U.S.C. § 841. *See* FED.R.CRIM.P. 52(b).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.